Jeffrey K. Greenwell (Mont. # 9250)
JAMES H COSSITT PC
40 2nd St E Ste 202
Kalispell MT  59901-6112
Tel:  406-752-5616
Email: jkg@cossittlaw.com
ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| In Re: <br><br> CEDRIC LESLIE PEARSON, <br><br> Debtor(s). | Case #  10-62664 <br><br> **NOTICE OF HEARING:** <br> Date: 5/19/2011 at 9:00 a.m. <br> Location:  Bankruptcy Courtroom <br> Russell Smith Courthouse #200A <br> 201 E. Broadway, Missoula MT |
|---|---|

## OBJECTION TO TRUSTEE'S COMPENSATION APPLICATION (DKT 36); MOTION TO RECONSIDER ORDER (DKT 37); AND NOTICE OF HEARING

Comes now, Debtor, Cedric Leslie Pearson ("Cedric"), and pursuant to LBR 9013(f)(2) and FRCP 60, objects to the Trustee's Application for Final Compensation and Reimbursement of Expenses, and states:

1. On 11/11/10, Cedric filed a Petition under Chapter 7 of the Bankruptcy Code. [Dkt. 001-0].

2. On 12/14/10, the Trustee, Christy Brandon, filed a Notice to File Claims. [Dkt. 011-0].

3. On 01/05/11, the Trustee filed an Application to Approve Employment of Professional and Affidavit to employ Gardner's Auction on the following terms:

    a. Ten percent (10%) sales commission based on the gross sale price for the liquidation of the 2009 Kawasaki motorcycle with a minimum bid amount of $3,500;

    b. $200 detail and sale preparation fee.

    c. Gardners Auction Service understands and agrees that all fees and expenses are subject to the review and approval of the Bankruptcy Court.

[Dkt. 017-0]

4. On 01/06/11, the Court entered an Order granting Docket 017-0. [Dkt. 018-0].

5. On 1/13/11, the Trustee filed a Motion to Sell Property Free and Clear of Liens and Interest as follows:

    a. The 2009 Kawasaki motorcycle is subject to the following claims and interests: First Interstate Bank

    This lien is undisputed per the agreement between First Interstate Bank and Trustee wherein the Bank has agreed to accept $2,589.49 if the auction occurs January 31, 2011, and $2,618.71 if the auction occurs February 7, 2011, as full satisfaction of any interest it may have in the property being sold with the Trustee to retain the remaining net sale proceeds ***for the benefit of the Estate***. [Emphasis Added].

    b. The Trustee believes the price is fair based on the minimum bid amount, valuations of the property by the debtor, First Interstate Bank and Gardners Auction Service and the expected auction results.

[Dkt. 022-0].

6. On 2/15/11, the Trustee filed a Trustee's Report of Sale, which informed the Court that the 2009 Kawasaki MC was sold at auction for $3,500.00.

      7.      On 3/30/11, the Trustee filed a Trustee's Application for Final Compensation and Reimbursement of Expenses that stated:

      a.      The undersigned trustee hereby makes application for approval of an award of compensation under 11 U.S.C. §326(a) in the amount of $331.29 and reimbursement of expenses in the amount of $0.00...; and

      b.      Requested that the application be approved and that the undersigned by granted an allowance of $331.29 as compensation and $0.00 for reimbursement of expenses.

[Dkt. 037-0].

      8.      On 3/30/11, the Court entered an Order granting the fee application. [Dkt. 037-0].

      9.      On 4/4/11, the Trustee filed Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (NFR) that showed no creditors were paid from the distributions provided through the sale of the motorcycle. [Dkt. 041-0].

## BRIEF

The Trustee filed an application to employ Gardner's Auction to sell a 2009 Kawasaki motorcycle. [Dkt. 017-0]. The sale proceeds were going to be used to satisfy a lien held by First Interstate Bank, and to retain the remaining net sale proceeds for the benefit of the estate. The Trustee set the minimum bid on the motorcycle as $3,500.00. In order to recognize a net economic benefit for the estate, the motor cycle would have to be sold for more than $3,168.71 plus $875.00 for administrative expenses (total $4,043.71 which does not include the additional expenses that the 10% sales

commission from Garders Auction would generate if the motorcycle was sold for more than $3,500.00), as shown below:

1. $350.00 to Gardner's Auction as a 10% sales commission;

2. $200.00 to Gardner's Auction for detail and sale preparation;

3. $2,618.71 to First Interstate Bank to satisfy its Lien on the vehicle; and

4. $875.00 per § 326 ($3,500.00 in sale proceeds x 25%).

**The Trustee should have determined, prior to sale, that the sale of the Kawasaki was reasonably likely to benefit the debtor's estate, or necessary to the administration of the case, by resulting in the generation of sufficient proceeds to ensure a distribution to unsecured creditors, priority or general**

The Chapter 7 Trustees' Handbook, as effective on May 1, 2010, Chapter 8.K.1 states:

> A trustee should only sell assets that will generate sufficient proceeds to ensure a distribution to unsecured creditors, priority or general.  In evaluating whether an asset has equity, the trustee must determine whether there are valid liens against the asset and whether the value of the asset exceeds the liens.  The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset.  If the sale of an asset would result in little or no equity for the estate for the benefit of unsecured creditors, the trustee should abandon the asset.  See Chapter 8.D above regarding Abandonments.

Section 8.D states:

> Abandonments of property are governed by §554.  A trustee should abandon any estate property that is burdensome or of inconsequential value to the estate.  Property should be abandoned when the total amount to be realized would not result in a meaningful distribution to creditors or would redound primarily to the benefit of the trustee and professionals.

The Chapter 7 Trustees' Handbook explicitly states that a trustee should abandon any estate property that is burdensome or of inconsequential value to the estate, and should only sell assets that will generate sufficient proceeds to ensure a distribution to unsecured creditors, priority or general. *See.* supra.

BAPCPA of 2005 amended Section 330(a)(1)(A) to limit a trustee to "reasonable" compensation, and prohibited compensation for unnecessary duplication of services, and services that are not likely to benefit the estate under §330(a)(4). Alan N. Resnick, *Colliers on Bankruptcy,* 15th Ed, pg. 330-14,15.

The 9th Circuit BAP stated that the determination of §330 reasonableness compensation requires the consideration of the nature, the extent, and the value of the services rendered. *In re Garcia,* 335 B.R. 717, 724 (BAP 9th Cir. 2005). The Court in *Garcia* stated that compensation should not be allowed when the services were not: 1) reasonably likely to benefit the debtor's estate; or 2) necessary to the administration of the case. *Id.* (citing 11 U.S.C. § 330(a)(4)(A). The Court concluded that a professional need only demonstrate that the services rendered were reasonably likely to benefit the estate at the time rendered. *Id.*

In this case, the Trustee's Motion to Sell the Kawasaki did not demonstrate that the services rendered were reasonably likely to benefit the estate at the time rendered. As noted above, the Trustee requested to sell the 2009 Kawasaki for a minimum of $3,500.00 with set expenses of $4,043.71 (includes the trustee's fees under § 326), which provides evidence that the Trustee was not attempting generate money for the

creditors of the estate, but was attempting to generate money to pay Trustee fees. Under the applicable standards provided by the Trustee Handbook, § 330 of the Code, and *Garcia,* the trustee should be required to disgorge any compensation granted in Docket 037-0 and to distribute those funds pro-rata to the creditors in this case.

In conclusion, it is understandable that the original amount requested in the Motion to Sell Property Free and Clear of Liens and Interest may have been an oversight by the Trustee. Although the net proceeds in this matter may be trivial in some respects, the amount is sufficient enough to help pay the Debtor's priority creditor, while being trivial enough to make this a good case for the Court to set forth the standards to which Trustees are held when administering estate property.

WHEREFORE, the Debtor respectfully requests:

1. the Court reconsider its Order granting the Trustee's Application for Final Compensation and Reimbursement of Expenses [Dkt. 036-0];

2. disallow any and all trustee fees in this matter for failure to render services that were reasonably likely to benefit the estate;

3. require the trustee to pay the net recovery of $331.29 from the sale of the 2009 Kawasaki to the creditors of the estate; and

4. for other and further relief as is just and equitable under FRCP 54(c).

Dated: April 8, 2011         */s/ Jeffrey K. Greenwell*

Jeffrey K. Greenwell (Mont. # 9250)
ATTORNEY FOR DEBTOR

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:**

|  | CEDRIC PEARSON<br>PO BOX 1402<br>EUREKA MT 59917<br>*DEBTOR* |
|---|---|

### CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or  2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on April 8, 2011.  The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

*/s/ Ann Thamert*

L:\BankruptcyPro\PEARSON, CEDRIC LESLIE\ECF\ECF-D\2011-04-08 - Obj to TT Fees.doc        Revised  4/8/ 11 JKG